SAMUEL F. BETTS *vs.* WILMINGTON CITY RAILWAY COMPANY.

*Case—Personal Injuries—Electric Railway—Negligence Per se ;
Stopping Car ; Alighting Therefrom—Usual Stopping Places
—Common Carriers ; Rights and Duties of ; Also of
Passengers—Measure of Damages.*

1.   Common carriers of passengers are required in the preparation, conduct and management of their means of conveyance to exercise every degree of care, diligence and skill which a reasonable man would use under such circumstances.  This obligation is imposed on them as a public duty, and by their contract, to carry safely, as far as human care and foresight will reasonably admit.  They are bound to provide skillful and careful servants, competent in every respect for the posts they are appointed to fill in their service.

2   A street railway company in letting its passengers on and off its cars, is bound to stop its cars, and wait a reasonable time for the passengers to get on or off at its usual stopping places; and also to use and exercise all reasonable care to secure the safety of the passengers.  If a conductor fails to stop at the usual stopping place, in compliance with a passenger's request, but after passing such place slows up an unusual stopping place in such manner as to clearly invite the passenger to alight, and the passenger under such circumstances attempts to get off, reasonably within the knowledge of the conductor, it is his duty not to cause the car to start up or jerk so as to endanger the safety of the passenger.  A common carrier, however, is not an insurer of the safety of its passengers, but is only responsible for its own negligence, in case of injury.

3.   The passenger must use the means provided for his safe transportation, with reasonable circumspection and care, and if his negligent act contributes to bring about the injury of which he complains, he cannot recover.  It is his duty also to see that the car has stopped, and that he may safely get on or off the car.   The care should be in proportion to the risk to be incurred in all cases.

4.   While it may not be negligence *per se* for a passenger to alight from a slowly moving street car, yet if from the age, condition of the passenger and all other cicrumstances surrounding the case, such an act would be rash, dangerous or hazardous; then it would amount to negligence; and if the injury resulted from such act the common carrier would not be liable therefor.

5.   Measure of damages stated.

(*January 8, 1902.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Levi C. Bird* and *Andrew E. Sanborn* for plaintiff.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, November Term, 1901.

ACTION ON THE CASE (No. 122, November Term, 1900), for personal injuries to the plaintiff while alighting from a car of the defendant company in the city of Wilmington, said plaintiff being a passenger upon the said car. Facts appear in charge of Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Samuel F. Betts, the plaintiff in this action, claims that on the twenty-fifth day of August, 1900, he was a passenger on one of the electric street railway cars of the defendant company, on his way from Darby, Pa., to his home in this city. That while coming south on Market street in this city, before reaching Twelfth street, he stood up, signalled the conductor of the car to stop by raising his hand and calling out "Twelfth street"; that the conductor recognized his signal, assented to it by a nod, but did not stop the car until it had nearly reached the middle of the square between Twelfth and Eleventh streets; that the car then stopped there, and while he was in the act of getting off the car suddenly started up, whereby he was thrown upon the ground with such force as to break his nose, bruise and injure his face, hands and body, so that he has therefrom become quite deaf and greatly impaired in health and strength.

In this suit he claims at your hands damages for the injuries he then received, which he claims resulted from the negligence of the defendant company.

The defendant, however, claims that the injuries resulted from the negligence of the plaintiff himself, in that he attempted to get off the car while it was in rapid motion, before the car had stopped and before it had reached the regular stopping place.

The sharp issue is therefore presented, from whose negligence, if any there was, did these injuries result?

To enable the plaintiff to recover at all, he must show to your satisfaction by a preponderance of the evidence, that the negligence which caused the accident, if any there was, was the fault of the defendant company. The burden of proving such negligence is upon the plaintiff. If the defendant company was guilty of no negligence, it is entitled to your verdict, whatever injuries the plaintiff may have received.

It is not disputed in this case that the defendant company was, at the time of the accident, a common carrier of passengers for hire, and that the plaintiff was rightfully on the car of the company as such passenger. We are asked to instruct you, therefore as to the respective rights and duties of such common carrier and also of such passenger.

We find the duty of such common carrier to its passsngers nowhere better expressed than in one of the decisions of our own State—viz., *Flinn vs. P., W. & B. R. R. Co., 1 Houst., 469*— which is the leading case in this State on the subject.

The Court there say : "A common carrier of passengers is liable for injuries to the latter only in case of his negligence. But the law in its beneficence will not allow any trifling with the lives or personal safety of human beings, and therefore exacts great care, diligence and skill from those to whose charge as common carriers they are committed ; common carriers of passengers are responsible for any negligence resulting in injury to them, and are required in the preparation, conduct and management of their means of conveyance, to exercise every degree of care, diligence and skill, which a reasonable man would use under such circumstances. This obligation is imposed on them as a public duty, and by their contract, to carry safely, as far as human care and foresight will reasonably admit. A railroad company, using as it does the powerful and dangerous agency of steam, is bound to provide skillful and careful servants, competent in every respect for the posts they are appointed to fill in their service."

The motive power in that case was steam, but the rule and the reason of the case apply equally to the case at bar where the motive power was electricity.

A street railway company in letting its passengers on and off its cars, is bound to stop its cars, and wait a reasonable time for the passengers to get on or off, at its usual stopping places; and also to use and exercise all reasonable care to secure the safety of the passengers.

If a conductor fails to stop at the usual stopping place, in compliance with a passenger's request, but after passing such place. slows up at an unusual stopping place, in such manner as clearly to invite the passenger to alight, and the passenger under such circumstances attempts to get off, reasonably within the knowledge of the conductor, it is his duty not to cause the car to start up or jerk so as to endanger the safety of the passenger.

While, therefore, the common carrier is held to strict care in the safe transportation of its passengers, yet it must be borne in mind that it by no means is an insurer of their safety; but is only responsible for its own negligence, in case of injury.

On the other hand, there is a duty resting upon the passenger, to act with prudence, and to use the means provided for his safe transportation, with reasonable circumspection and care, and if his negligent act contributes to bring about the injury of which he complains, he cannot recover.

*Booth Street Ry. Law, Sec. 229.*

It is also the duty of the passenger to see that the car has stopped, and that he may safely get on or off; and also to exercise all reasonable care to avoid danger.

Reasonable care would be such care as a man of ordinary prudence, would take under similar circumstances to avoid accident. The care should be in proportion to the risk to be incurred in all cases.

*Wallace vs. W. & N. R. R. Co., 8 Houst., 551.*

Many authorities hold that it is negligence *per se* for a passenger to get off a car while it is in motion; that such an act is in itself negligence, independent of other circumstances.

The weight of authority, however, seems to be that it is not negligence *per se* to alight from a slowly moving street car.

*Root vs. Des Moines City Ry., 83 N. W. R., 904, (Iowa, 1900).*

Yet if from the age, condition of the passenger and all other circumstances surrounding the case, such an act would be rash, dangerous or hazardous; then it would amount to negligence. And if injury resulted from such act, the common carrier would not be liable therefor.

Bearing in mind the law as we have just stated it, you are to determine whether the negligence of the defendant company alone was the cause of the injury complained of; for if the plaintiff proximately contributed thereto, he cannot recover.

If your verdict should be for the plaintiff, it should be for such reasonable sum of money as will compensate him for his injuries, including therein pain and suffering in the past, and such as may come to him in the future, resulting from this accident, and also for any impairment of ability to earn a living in the future.

Verdict for defendant.