WALTER BEHEN *vs.* PHILADELPHIA, BALTIMORE AND WASHING-
TON RAILROAD COMPANY, a corporation of the State of Dela-
ware.

1.  CARRIERS—CARRIAGE OF PASSENGERS—PERSONAL INJURIES TO PAS-
    SENGER—"NEGLIGENCE"—BURDEN OF PROOF.

    In an action by a passenger against a railroad for personal injuries
received while leaving a train, the burden of proving the carrier's negligence,
was on plaintiff; "negligence" being failure to exercise such care as a rea-
sonably careful person would use under similar circumstances.

2.  CARRIERS—CARRIAGE OF PASSENGERS—PERSONAL INJURIES TO PASSEN-
    GER—NEGLIGENCE—BURDEN OF PROOF.

    In an action by a passenger against a railroad for personal injuries re-
ceived while leaving a train, proof of negligence other than that alleged in
the complaint, the negligent starting of the train without warning, could
sustain no recovery; the burden of proof being on plaintiff, unaided by pre-
sumption, to show the particular negligence alleged.

3.  CARRIERS—CARRIAGE OF PASSENGERS—PERSONAL INJURIES TO PAS-
    SENGER—CONTRIBUTORY NEGLIGENCE.

    There could be no recovery against a common carrier of passengers for
personal injuries received in leaving a train, where the negligence of plaintiff
as. by failing to exercise reasonable diligence, was the proximate or direct
cause of the accident.

4.  CARRIERS—CARRIAGE OF PASSENGERS—SETTING DOWN PASSENGERS—
    DUTY OF RAILROAD.

    While in setting down passengers a railroad company must stop its train
and wait a reasonable time at usual stopping places, passengers must act with
prudence and use the means provided for their carriage with reasonable care;
the reasonableness of the conduct of each party depending on all the circum-
stances of the case.

5.  CARRIERS—CARRIAGE OF PASSENGERS—SETTING DOWN PASSENGERS.

    In an action by a passenger against a railroad for personal injuries
received while leaving a train, if the train stopped for a time reasonably suffi-
cient to allow plaintiff to get out safely, and he did not avail himself of the
opportunity, but voluntarily got off after the train had started without direc-
tion or consent of defendant, and when, considering his age, condition, and
all the circumstances of the case, the act was hazardous, plaintiff was guilty
of contributory negligence.

6.  CARRIERS—CARRIAGE OF PASSENGERS—PERSONAL INJURIES TO PAS-
    SENGER—MEASURE OF DAMAGES.

    In an action against a railroad for an injury received by a passenger
while leaving a train, the measure of damages was such sum as would rea-
sonably compensate plaintiff for his injuries and the pain and suffering he had
undergone.

7. TRIAL—DELIBERATIONS OF JURY—RECONCILING TESTIMONY.
Where the evidence is conflicting, the jury should reconcile the testimony if possible; if not, they should accept that which they believe worthy of credit and reject that which they do not believe.

(*March* 2, 1915.)

PENNEWILL, C. J., and RICE, J., sitting.
*James M. Satterfield* and *W. Watson Harrington* for plaintiff.
*George M. Jones* and *Henry R. Isaacs* for defendant.
Superior Court, Kent County, February Term, 1915.

Action by Walter Behen against the Philadelphia, Baltimore and Washington Railroad Company. Verdict for defendant.

ACTION FOR DAMAGES (No. 32, October Term, 1912) for personal injuries alleged to have been occasioned by the sudden starting of defendant's train of cars after it had stopped at Dover, Delaware, on August 6, 1912, while plaintiff, a passenger, was attempting to alight therefrom, whereby he was thrown from the train and rolled from the platform under the wheels of the same, his right hand and wrist being so mashed and injured that amputation was necessary.

Defendant contended that the plaintiff was intoxicated and negligently stepped off the moving train after having been given ample time to get off when the train was stopped to let off passengers at the station.

The facts appear in the charge of the court.

PENNEWILL, C. J., charging the jury.
Gentlemen of the jury:—This suit is brought by the plaintiff to recover damages for personal injuries alleged to have been sustained by him on account of the negligence of the defendant company.

The plaintiff claims that he was a passenger on an excursion train operated by the defendant and running from Atlantic City to Dover and points further south on the sixth day of August, nineteen hundred and twelve; and while attempting to get off the train at Dover station between eight and nine o'clock in the evening, he was thrown from the steps of the car by the sudden

starting of the train without any signal or warning being given; and fell between the car and the cement platform, whereby his hand and wrist were mashed and injured to such an extent as to necessitate amputation. He also claims to have received some injury to his forehead.

The defendant company denies that the train was suddenly started or jerked, or that it was guilty of any negligence that caused the plaintiff's injuries; and contends that his injuries were caused by his own negligence in stepping from the platform of the car while the train was in motion.

The company further contends that the plaintiff had reasonable time and opportunity to get off the train when it stopped to let off passengers and before it started to leave the station, but instead of getting off at that time, he chose to remain on the steps of the platform until the train was in motion when he negligently stepped off and thereby caused the accident which resulted in the injuries of which he complains.

It is admitted by the defendant that the plaintiff was a passenger on the train operated by the company at the time of the accident.

There are certain principles of law applicable to cases of this kind which are not disputed.

[1] The plaintiff cannot recover unless the defendant was guilty of negligence which was the proximate cause of his injuries, and the burden of proving such negligence is upon the plaintiff. It is never presumed; it must be proved. Negligence, we may say, is the want of ordinary care, that is, the failure to exercise such care as a reasonably careful and prudent person would use under similar circumstances.

[2] To entitle the plaintiff to recover it must have been shown to the satisfaction of the jury by a preponderance, that is, the greater weight of the evidence that the negligence which caused the injuries complained of was the negligence of the defendant company; and the jury must be further satisfied that the negligence that caused the injuries was the negligence charged by the plaintiff in his declaration, to wit, the sudden starting of the train. If the accident occurred from some other cause than

the sudden starting of the train, there can be no recovery. In other words, it is incumbent on the plaintiff to prove the negligence he alleges, and that his injuries were caused by that particular negligence. If the defendant was not guilty of that negligence the plaintiff cannot recover no matter what injuries he may have received or what caused them. No presumption of negligence arises from the mere fact that the plaintiff was injured while alighting from the train.

[3] If the jury should believe that the defendant company was guilty of some negligence, nevertheless if, notwithstanding such negligence the plaintiff by the exercise of reasonable diligence could have avoided the accident, he cannot recover in this case.

If it appears to the satisfaction of the jury that the plaintiff was negligent himself, and that his own negligence was the proximate or direct cause of the accident, he cannot recover, for in such case the plaintiff would be guilty of what the law calls contributory negligence which is a bar to his recovery.

[4] It is the duty of a railroad company in letting its passengers off its cars to stop the train and wait a reasonable time for passengers to get off at its usual stopping places; and also to use all reasonable care to secure the safety of the passengers. What would be such reasonable time and care in any case would depend, of course, upon the conditions and circumstances of that particular case.

But while it is the duty of a railroad company to use all reasonable care to secure the safety of its passengers, there is also a duty resting upon the passenger to act with prudence, and to use the means provided for his transportation with reasonable circumspection and care; and if his negligent act proximately or directly contributes to bring about the injury complained of, he cannot recover. For example, it is the duty of a passenger to exercise reasonable care in alighting from a car; it is also his duty to see that the car has stopped, that he may safely get off, and to exercise reasonable care to avoid danger. *Betts v. City Ry. Co.*, 3 *Penn.* 448, 53 *Atl.* 358.

In the same case the court said:

"Many authorities hold that it is negligence *per se* for a passenger to get off a car while it is in motion; that such an act is in itself negligence, independent of other circumstances. The weight of authority, however, seems to be that it is not negligence *per se* to alight from a slowly moving car. * * * Yet if from the age, condition of the passenger and all other circumstances surrounding the case, such an act would be rash, dangerous and hazardous, then it would amount to negligence; and if injury resulted from such act, the common carrier would not be liable therefor."

[5]   We therefore state the law applicable to the present case to be this: If the jury believe from the evidence that the train stopped for a time reasonably sufficient to allow the plaintiff to get off safely, that he did not avail himself of that opportunity, but got off after the train had started, voluntarily, without the direction or consent of the defendant, and at a time when, considering his age, condition and all other circumstances surrounding the case, such an act was rash, dangerous and hazardous, then the plaintiff was guilty of contributory negligence and cannot recover.

[6]   All we have said to you respecting the law of this case may be summed up as follows: If you are satisfied that the plaintiff has proved by the greater weight of the evidence that his injuries were caused by the negligence of the defendant company as alleged, and are also satisfied that the plaintiff was himself free from any negligence or fault that contributed proximately or directly to the accident, then your verdict should be in favor of the plaintiff, and for such sum of money as will reasonably compensate him for his injuries, including any pain and suffering he has endured by reason thereof.

But if you are not satisfied it is shown by the greater weight of the evidence, that the plaintiff's injuries were caused by the alleged negligence of the defendant company; or if you believe that at the time of the accident the plaintiff was himself guilty of negligence that contributed proximately or directly to his injuries, your verdict should be for the defendant.

The court feel confident, gentlemen, that you will decide this case upon the evidence and the law and nothing else. Men of your character, intelligence and standing will not, we are sure,

be influenced to any extent by any feelings of sympathy or prejudice for or against either party to the suit.

[7]   When the evidence is conflicting, as in this case, it is the duty of the jury to reconcile the conflict if they can, but if they cannot do so they should accept that testimony which they believe worthy of credit and reject any which they think is unworthy of credit, taking into consideration all the facts and circumstances disclosed by the evidence which indicate the truthfulness or untruthfulness of the witnesses.

                                      Verdict for defendant.